NORTON L. SMITH AND JEAN T. SMITH, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10833.   Promulgated December 18, 1947.

*Eugene L. Lora, Esq.*, for the petitioners.
*Neil D. McCarthy, Esq.*, for the respondent.

1154

## OPINION.

HILL, *Judge*: The question is whether petitioner operated the farm as a trade or business or for profit, on the one hand, or for recreational purposes or as a hobby, on the other. As is implicit or stated in the cases cited by both petitioner and respondent, the answer to this question lies in determining petitioner's intention from all of the evidence. We have concluded that the facts show that the petitioner's intent in operating the farm was primarily for the purpose of making a profit.

Respondent bases his argument that petitioner had no intent to operate the farm as a trade or business or for profit on the following points: (1) That the operation of the farm resulted in a series of un-interrupted losses, (2) that petitioner's purchase of the farm was essentially motivated by his desire to have a country estate for his home, and (3) that petitioner operated the farm in order to supply his family with food for home consumption.

It is true that the petitioner has experienced continuous annual losses from the operation of his farm since its acquisition in 1933 and

through the taxable years in question. Moreover, the record discloses that after the taxable years involved here there were further losses in 1944, 1945, and 1946. The fact that the operation of the farm has resulted in a series of losses, however, is not controlling if the other evidence shows there is a true intention of eventually making a profit. See *Israel O. Blake*, 38 B. T. A. 1457. Respondent cites the case of *Thacher* v. *Lowe*, 282 Fed. 1944, to support his argument. The court in that case stated:

* * * it is difficult to imagine how a farm which has been running the number of years which this had could be thought capable of turning a deficiency of 90 percent into a profit.

On the facts in the instant case, however, we can not say that there is no reasonable expectation of realizing a profit.

We do not agree with the respondent that petitioner purchased the farm primarily to satisfy his desire to live on a country estate. It may be true that petitioner experienced pleasure from residing in a country home, but this fact alone does not negative his intent to operate the farm for profit. *Wilson* v. *Eisner*, 282 Fed. 38. Nor is such intent negatived by the fact assumed by respondent that petitioner, as a business executive, has received an annual salary sufficiently high to indicate no need to supplement his income by the farm operation.

We are convinced from the record that it has at all times been petitioner's intention to operate the farm for profit, and that he had reasonable expectations of accomplishing that result. His efforts to make a profit have included increasing the land in cultivation and in pasturage from 75 to 95 acres, renting the farm, employing an experienced farmer to operate it under his supervision, improving the land by reclamation practices and fertilization and soil conservation methods, and engaging at various times in a number of diversified types of farming. He spends most of his week ends working on the farm, performing such odd jobs as repairing buildings or equipment, feeding poultry, and spraying orchards. On week days he usually consults with his employee for 10 or 15 minutes each morning in connection with problems related to the operation of the farm. In addition he has expended a great deal of money in repairing farm buildings and buying farm equipment, all of which was for utilitarian rather than beautification purposes. He has always considered the farm separate from his home, he has segregated the capital and operating expenses of the residence from the farm expenses, and he has not used the farm for any social or recreational purposes, nor does it have any such facilities.

This leaves for our consideration respondent's argument that petitioner operated the farm primarily for the purpose of providing wholesome food for his family. It should be noted, first, that petitioner and his family consumed at the most only 10 per cent of the

farm products on the average and that all of those used were included and reported in the farm income at regular prices. The other approximately 90 per cent of the farm produce was sold by the petitioner to local butchers and grocerymen, to purchasers stopping by the farm, and occasionally to the Delaware Packing Co. at Trenton. In addition to that, the types of products raised by petitioner included poultry, eggs, cattle, sheep, wheat, corn and hay, many of which are not readily adaptable to home consumption, and such of them as were so adaptable were produced in far greater quantities than his home consumption requirements. The petitioner's primary intention, therefore, was not to produce good food for home consumption. Consequently, the case of *Louise Cheney*, 22 B. T. A. 672, cited by respondent, is not in point.

We hold that petitioner's farm operations during the taxable period here involved were a business regularly carried on by him for profit and that the losses in question resulted from ordinary and necessary expenses paid during such taxable period in carrying on such business and, therefore, are deductible for income tax purposes.

It follows that respondent erred in his determination.

In view of petitioner's claim of overpayment,

*Decision will be entered under Rule 50.*